IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL BANGURA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA, ET AL. | : | NO. 07-127 |

## ORDER - MEMORANDUM

**AND NOW**, this 12th day of October, 2007, upon consideration of Philadelphia Court of Common Pleas Family Court Deputy Court Administrator Mary Lou Baker's Motion to Dismiss the Second Amended Complaint (Docket No. 44), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and all claims against Defendant Mary Lou Baker are **DISMISSED**.  **IT IS FURTHER ORDERED** that Defendant Baker is dismissed as a Defendant in this action.

I.      BACKGROUND

Plaintiff Carol Bangura commenced this *pro se* action against over thirty defendants, including the Juvenile and Domestic Relations Divisions of the Philadelphia Court of Common Pleas Family Court (collectively, the "Family Court") and the movant here, Mary Lou Baker, who is the Deputy Court Administrator for the Family Court.  The factual allegations pertaining to the Family Court and Baker concern various custody proceedings before the Family Court, which ultimately resulted in a February 14, 2006 order granting full physical and legal custody of Plaintiff's daughter to Plaintiff's ex-husband.

A.      Baker's Prior Motion to Dismiss and Our July 9, 2007 Order

In May of this year, the Family Court and Baker filed a joint motion to dismiss Plaintiff's First Amended Complaint, and we thereafter issued a July 9, 2007 Order, dismissing all of the claims against the Family Court and Baker in her official capacity based on Eleventh Amendment

immunity.  In light of Plaintiff's *pro se* status, however, we added that "[t]o the extent that Plaintiff may have intended to assert any claims against Mary Lou Baker in her personal or individual capacity," i.e., claims that would not be barred by the Eleventh Amendment, she was granted leave to amend her complaint to do so.  (7/9/07 Order, ¶ 4.)

Three days later, in accordance with our Order, Plaintiff filed a Second Amended Complaint in which she modified the handful of claims that she had previously asserted against Baker to specifically assert that they were claims against Baker in her individual capacity.  (See Second Am. Compl. ¶¶ 263-64, 292, 302, 305).  Plaintiff also, however, converted the great bulk of her prior claims against the Family Court into claims against Baker in her individual capacity.  For example, where she had previously asserted that the Family Court had failed to train its employees, she now asserts that Baker failed to train those same employees. (Compare Am. Compl. ¶ 236 with Second Am. Compl. ¶ 236).  Similarly, where she had previously asserted that the Family Court violated her right to due process by allowing judges to sign orders without prior hearings, she now asserts that Baker violated her right to due process by allowing judges to sign orders without prior hearings. (Compare Am. Compl. ¶ 240 with Second Am. Compl. ¶ 240.)

While our July 9, 2007 order gave Plaintiff leave to amend her complaint to assert that any of her then-existing claims against Baker were claims against Baker in her individual rather than official capacity, it did not grant her leave to add new claims that she had not previously asserted against Baker.  Moreover, such leave was plainly necessary as Plaintiff had already filed an Amended Complaint, many of the Defendants had already filed responsive pleadings, and she had not obtained the written consent of the adverse parties.  See Fed. R. Civ. P. 15 (a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is

2

served . . . . Otherwise a party may amend  . . . only by leave of court or by written consent of the

adverse party . . . .").   Accordingly, we find that those claims that were not previously asserted

against Baker were outside of the scope of Plaintiff's leave to amend and dismiss them on that basis.[1]

B. The Factual Allegations and Claims Properly Asserted in the Second Amended Complaint

With the proper scope of the Second Amended Complaint thereby clarified, the relevant facts

and remaining claims against Baker in the Second Amended Complaint are as follows.   Prior to

January 14, 2005, Plaintiff had primary physical and legal custody of her minor daughter, R.L.

(Second Am. Compl. ¶ 39.)  On January 14, 2005, however, Philadelphia police officers arrested

R.L. for assaulting Plaintiff and then released R.L. to her father, James Lewis.  (Id. ¶¶ 48, 57.)

Although Plaintiff provided the officers with a copy of her custody order, the officers permitted R.L.

to remain with Lewis, based on his representation that Plaintiff had physically and verbally abused

R.L.  (Id. ¶¶ 60, 62, 64.)

On January 19, 2005, Lewis filed an emergency petition for custody.  (See id. ¶ 115.)  After

an ex parte hearing before a Family Court Master that same day and a rule to show cause hearing

before a second Family Court Master on January 27, 2005, the second Master entered a January 27,

---

[1]There are thirteen claims in the Second Amended Complaint that were previously asserted
against the Family Court and are now asserted against Baker individually.  These claims, which we
now dismiss, are in paragraphs 236, 239-42 (Procedural Due Process claims), 258-62 (Negligence
claims), 282-83 (Failure to Train claims), and 305 (Gross Negligence claim) of the Second Amended
Complaint.

In dismissing these claims, we feel compelled to note that we are also skeptical that Plaintiff
had the requisite factual basis to attribute the great bulk of the Family Court's alleged misdeeds to
Baker individually, particularly when Plaintiff filed her Second Amended Complaint just three days
after we filed our July 9, 2007 Order.  See Fed. R. Civ. P. 11(b) ("By presenting to the court . . . a
pleading, an . . . unrepresented party is certifying that to the best of the person's knowledge,
information and belief, formed after an inquiry reasonable under the circumstances, . . . (3) the
allegations and other factual contentions have evidentiary support or, if specifically so identified, are
likely to have evidentiary support after a reasonable opportunity for further investigation . . . .")

2005 order, granting Lewis primary custody of R.L. and permitting Plaintiff to visit with R.L. "as agreed upon" and "taking in to consideration the desire of [R.L.] to see her mother." (Id. ¶¶ 104, 112-115.) On April 25, 2005, after a hearing prompted by a letter from Plaintiff, Plaintiff was granted four hours of visitation on Sundays. (Id. ¶ 133.)

Three months later, on July 18, 2005, Common Pleas Judge Robert J. Matthews held a semi-protracted trial on Lewis's complaint for custody. (Id. ¶¶ 140, 143.) That same day, Judge Matthews issued an temporary order, granting Lewis primary physical custody, but awarding Plaintiff and Lewis shared legal custody and granting Plaintiff partial custody on alternating weekends. (Id. ¶ 145.) On February 14, 2006, Judge Matthews held a final custody hearing. (Id. ¶ 162.) In the course of that hearing, for reasons not explained in the Complaint, Judge Matthews ordered the sheriffs to take Plaintiff into custody and as a result, Plaintiff was not in the courtroom when the Judge issued his final order. (Id. ¶¶ 166, 169.) That final order granted full physical and legal custody of R.L. to Lewis. (Id. ¶ 167.)

Notably, Plaintiff never mentions Baker in the factual portion of the Second Amended Complaint. (See id. ¶¶ 1-229.) Nevertheless, she attempts to assert eighteen claims against Baker, only five of which we will consider as within the scope of the leave to amend that we granted in our July 9, 2007 Order. Specifically, in paragraphs 263 and 264, Plaintiff asserts that Baker was negligent insofar as (1) she failed to ensure that petitions that Plaintiff filed were heard in the manner prescribed by Pennsylvania law (id. ¶ 263), and (2) she had "Masters preside over cases in which they had no legal authority to do so." (Id. ¶ 264). In paragraph 292, in asserting a claim under 42 U.S.C. § 1983, Plaintiff alleges that "[t]he actions of Ms. Baker deprived Plaintiff of her constitutional rights to her minor child while acting under the color of law . . . as a direct result of

the department's policy, custom and practice." (<u>Id.</u> ¶ 292.)   In paragraph 299,  Plaintiff asserts claims against every Defendant in the case, including Baker, for intentional infliction of emotional distress, without elaborating on any individual claim.  (<u>Id.</u> ¶ 299).  Likewise, in paragraph 302, she asserts substantive due process claims against each and every Defendant, including Baker, for "causing Plaintiff to lose the liberty of mother and child."  (<u>Id.</u> ¶ 302.)

## II.  DISCUSSION

In her Motion to Dismiss, Baker makes a variety of arguments, including that Plaintiff's claims are barred by the <u>Rooker-Feldman</u> doctrine, and that the Eleventh Amendment bars suit against her for violations of Pennsylvania law.[2]  For the following reasons, we find that Plaintiff's substantive due process claim in paragraph 302 and her Section 1983 claim in paragraph 292  are barred by the <u>Rooker-Feldman</u> doctrine, and decline to exercise supplemental jurisdiction over her remaining claims, all of which arise under state law.

### A.  <u>Rooker-Feldman Doctrine</u>

Baker moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's claims against her for lack of jurisdiction,[3] arguing that the <u>Rooker-Feldman</u> doctrine bars Plaintiff's claims because those claims challenge the final state court adjudication of Plaintiff's custody

---

[2] Baker also argues that "to the extent that there may be any ongoing state proceedings," we should abstain pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  (Baker's Br. at 7.)  However, in the absence of any indication in the existing record that there are such ongoing state proceedings, we cannot abstain on that basis.

[3] When a defendant challenges the existence of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of showing that the case is properly before the court.  <u>Packard v. Provident Nat'l Bank</u>, 994 F.2d 1039, 1045 (3d Cir.1993).

dispute.[4]   Under the Rooker-Feldman doctrine, a party who loses in state court may not bring an action in federal court, complaining of injuries caused by the state court judgment.  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Likewise, a district court may not "entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack was 'inextricably intertwined' with the state court's judgment."  Exxon Mobil Corp., 544 U.S. at 286 n.1 (quoting Feldman, 460 U.S. at 482 n.16.)   A claim is "inextricably intertwined" with a state court judgment if it requires the court to determine "that the state court judgment was erroneously entered in order to grant the requested relief."  Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004) (citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 421 (3d Cir. 2003)).

Here, Plaintiff's substantive due process claim against Baker in paragraph 302 and the Section 1983 claim in paragraph 292 of the Second Amended Complaint clearly implicate the Rooker-Feldman doctrine as the substantive due process claim seeks damages arising from Plaintiff's loss of "liberty of mother and child" (Second Am. Compl. ¶¶ 302-03), and the Section 1983 claim seeks damages arising from the "actions of Ms. Baker [that] deprived Plaintiff of her constitutional rights to her minor child . . . ."  (Id. ¶ 292.)  Both of these claims can only be understood as a claims

---

[4]As a second jurisdictional argument, Baker asserts that the domestic relations exception to federal jurisdiction precludes us from considering Plaintiff's claims.  However, the domestic relations exception applies to cases invoking the Court's diversity jurisdiction.  McLaughlin v. Pernsley, 876 F.2d 308, 312 (3d Cir.1989).  Here, Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331.  The United States Court of Appeals for the Third Circuit has held that "as a jurisdictional bar, the domestic relations exception does not apply to cases arising under the Constitution or laws of the United States."  Flood v. Braaten, 727 F.2d 303, 308 (3d Cir. 1984).  Therefore, Baker's  reliance on this doctrine is misplaced.

for damages resulting from the state court orders that denied Plaintiff visitation with and/or custody of R.L.  Moreover, Plaintiff would only be entitled to damages flowing from those visitation and/or custody orders if, in fact, the orders at issue were erroneous.  Consequently, we conclude that we have no jurisdiction over these claims pursuant to the Rooker-Feldman doctrine.  See, e.g., Ludwig v. Berks County, Pennsylvania, Civ. A. No. 07-2127, 2007 WL 2463306, at *2 (E.D. Pa. August 28, 2007) (finding that Rooker-Feldman doctrine barred review of claim seeking damages arising from adverse custody ruling).  We therefore dismiss the claims against Baker in paragraphs 292 and 302 of the Second Amended Complaint on this basis.[5]

B.  Eleventh Amendment

Baker also moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the state law claims against her, arguing that the Eleventh Amendment bars suit against state officials for violations of state law.  Baker relies on the United States Supreme Court's case in Pennhurst v. Halderman, 465 U.S. 89 (1984), which states that there is "no greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."  Id. at 106.  It has been widely recognized, however, that the "jurisdictional limitation recognized in Pennhurst does not apply to an individual capacity claim seeking damages against a state official, even if the claim is based on state law."[6]  Bad Frog Brewery, Inc. v. New York State Liquor Auth.,

---

[5]Because the substantive due process and Section 1983 claims are the only federal claims that remain against Baker in this action, and we are dismissing those claims on the basis of the Rooker-Feldman doctrine, we need not address Baker's other arguments that pertain only to dismissal of Plaintiff's federal claims, including her various claims of immunity under federal law.

[6]While Baker suggests that Allegheny County Sanitary Auth. v. United States Envtl. Prot. Agency, 732 F.2d 1167 (3d Cir. 1984), holds otherwise, we disagree as there is no indication in that case that the state law claims that the Court of Appeals dismissed pursuant to Pennhurst had been asserted against the state defendants in their individual capacity.

134 F.3d 87, 102 (2d Cir. 1998); Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 974 n.4 (9th Cir. 2004); Williams v. Kentucky, 24 F.3d 1526, 1543 (6th Cir. 1994).  Thus, we cannot dismiss Plaintiff's state law claims on this basis.

     C.  Supplemental Jurisdiction

     We do, however, decline to exercise supplemental jurisdiction over those claims.  In any case in which a district court has federal question jurisdiction, it has supplemental jurisdiction over state law claims that are so closely related to the federal claims that they form part of the same case or controversy.  See 28 U.S.C. § 1367(a);  Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991) ("Claims are part of the same constitutional case if they 'derive from a common nucleus of operative fact . . . .'" (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966))).  The court may nevertheless decline to exercise that supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).  In determining whether there are "other compelling reasons," the district court must balance "economy, convenience, fairness, and comity." Lindsay v. Government Employees Ins. Co., 448 F.3d 416, 425 (D.C. Cir. 2006) (quoting Carnegie-Mellon Univ. v. Cahill, 484 U.S. 343, 350 (1988)).

     Here, the only claims that remain against Baker arise under state law.  As stated above, those claims are that Baker was negligent in failing to ensure that Plaintiff's petitions were heard in accordance with Pennsylvania law (Second Am. Complaint ¶ 263); was negligent in permitting Family Court Masters to preside over cases over which they had no authority (id. ¶ 264); and caused Plaintiff emotional distress.  (Id. ¶ 299).  The negligence claims are alleged to arise out of the same nucleus of operative facts as certain Section 1983 claims against the Family Court Masters that

remain in the case.  (See id. ¶¶ 237-38) (alleging that Masters violated Plaintiff's due process rights by acting "outside of the scope of [their] authority").   Likewise, Plaintiff asserts additional negligence claims against Joseph McGill, the Director of Case Management for the Family Court, that are identical to the negligence claims she asserts against Baker.  (See id. ¶¶ 255-56.) Accordingly, at this stage of the litigation, it appears that we have the ability to exercise supplemental jurisdiction over the state law claims against Baker.

Nevertheless, we will decline to exercise that jurisdiction over those claims there are compelling reasons to decline jurisdiction in this case.  See 28 U.S.C. § 1367(c)(4).  Most critically, we find that it is simply unfair to require Baker to continue to participate in this sprawling civil rights case when there are no federal claims left against her and no allegations of fact to support the few remaining state law claims.  Indeed, Plaintiff's sixty-seven page Second Amended Complaint contains 307 paragraphs and names thirty-three different Defendants.  Although we have dismissed some of the claims and Defendants in prior orders, the pared-down case still includes over twenty Defendants and a wide variety of claims.  (See, e.g., Second Am. Compl. at ¶¶ 48-88 (claims against Philadelphia police arising out of  arrest and processing of Plaintiff's minor child, and release of child to her father);  ¶¶ 202-25, 267-69 (claims against school district representatives arising out of school's alleged restriction of Plaintiff's access to her minor child based on unofficial and erroneous letter from attorney)).  Meanwhile, the sole remaining allegations against Baker can be found in just four paragraphs, and the only factual allegations in those four paragraphs is that Baker "is the Court Administrator for Philadelphia County Family Court Domestic Relations."  (Id. ¶ 25.)

While we recognize the judicial economy in permitting a plaintiff to pursue related claims in a single action, our concerns regarding fairness to Baker as well as considerations of comity weigh

9

heavily in favor of declining supplemental jurisdiction here. Indeed, whether Baker acted negligently in the processing or assigning of cases within the state court system is surely an issue on which the federal courts should tread lightly. Moreover, we are skeptical that the few claims that are related to those against Baker, e.g., the claims against the Family Court Masters for exceeding their authority, will survive until trial. See, e.g., Algieri v. Lavelle, Civ. A. No. 05-2309, 2005 WL 3179873, *2 (M.D. Pa. Nov. 29, 2005) (stating that court-appointed child custody masters are entitled to judicial immunity.) We therefore decline to exercise supplemental jurisdiction over the remaining state law claims against Baker and dismiss those claims without prejudice to Plaintiff's right to refile the claims in state court.

## III.  CONCLUSION

In sum, we dismiss the claims alleged against Defendant Mary Lou Baker in paragraphs 236, 239-42, 258-62, 282-83 and 305 of the Second Amended Complaint as beyond the scope of our July 9, 2007 Order granting Plaintiff leave to amend her complaint. Likewise, we dismiss the substantive due process and Section 1983 claims in paragraphs 292 and 302 of the Second Amended Complaint for lack of jurisdiction under the Rooker-Feldman doctrine, and we decline to exercise supplemental jurisdiction over the remaining state law claims against Baker and those claims are also dismissed. Defendant Baker is therefore dismissed as a Defendant in this action.

BY THE COURT:


 /s/ John R. Padova, J.
John R. Padova, J.

10